UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARTA LIDIA TRUJILLO DIAZ,                    Civil Action No.

                Plaintiff,

-against-

AUDREY ROBLES DIAZ,

                Defendant.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, MARTA LIDIA TRUJILLO DIAZ (hereinafter, "Plaintiff"), as and for her Complaint against Defendant, AUDREY ROBLES DIAZ (hereinafter, "Defendant") respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.1 and 142-2.2 (hereinafter the "New York Labor Law") to recover unpaid overtime compensation, minimum wages, and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is a resident of the County of Queens, State of New York.

6. Upon information and belief, Defendant is a resident of the County of Nassau, State of New York, and owns a residence located at 663 Laurel Drive, West Hempstead, New York 11552 (hereinafter, "Defendant's Residence").

## FACTS

7. At all times relevant to this action, Plaintiff was employed as a housekeeper and babysitter for the benefit of and at the direction of Defendant at Defendant's Residence from on or about April 30, 2012 until on or about January 2, 2017.

8. Plaintiff's responsibilities included washing Defendant's laundry, cleaning Defendant's Residence, cooking Defendant's meals, and babysitting Defendant's two children.

9. Throughout her employment, Plaintiff worked five days per week, Monday through Friday, from 8:00 a.m. until 5:00 p.m.

10. During this time, Plaintiff worked forty-five (45) hours per week.

11. During this time, Plaintiff did not receive and did not take any uninterrupted meal breaks.

12. From on or about April 30, 2012 until on or about May 30, 2014, Defendant paid Plaintiff $320.00 per week.

13. From on or about June 1, 2014 until on or about January 2, 2017, Defendant paid Plaintiff $350.00 per week.

14. During this time, Defendant paid Plaintiff in cash on a weekly basis.

15. During her employment, Defendant did not require Plaintiff to clock in or out of any of her shifts.

16. During her employment, Defendant did not record the hours Plaintiff worked each day and each week.

17. During her employment, Defendant did not pay Plaintiff minimum wages pursuant to the requirements of the NYLL.

18. During her employment, Defendant did not pay Plaintiff overtime compensation.

19. During her employment, Defendant did not pay Plaintiff one and a half times her regular rate of pay when she worked more than 40 hours each week.

20. During her employment, Defendant failed to provide Plaintiff with wage notices as required by NYLL § 195(1).

21. During her employment, Defendant failed to provide Plaintiff with wage statements as required by NYLL § 195(3).

22. Defendant did not give Plaintiff a cash receipt or a paystub during any week of her employment.

23. Defendant managed Plaintiff's employment, including the amount of overtime worked.

24. Defendant dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

25. Defendant was aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which she was entitled for this work time under the law.

26. Defendant's failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

27. Defendant hired Plaintiff.

28. Defendant fired Plaintiff.

29. Defendant supervised Plaintiff's duties on a daily basis.

30. Defendant set Plaintiff's work schedule.

31. Defendant decided the manner in which Plaintiff was paid during her employment.

32. Defendant decided the hours that Plaintiff worked each week during her employment.

33. Defendant decided the job duties that Plaintiff performed on a daily basis during her employment.

### AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF SECTION 207 *ET SEQ.* OF THE FLSA
### FAILURE TO PAY OVERTIME COMPENSATION

34. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

35. The FLSA regulates the payment of wages by employers whose employees are "employed in domestic service in a household." 29 U.S.C. § 206(f)(1); 29 U.S.C. § 207(l).

36. Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant employed Plaintiff in domestic service in a household.

37. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

38. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

39. By the above-alleged conduct, Defendant violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

40. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

41. However, none of the Section 13 exemptions apply to Plaintiff because she did not meet the requirements for coverage under the exemptions.

42. Defendant acted willfully and either knew that her conduct violated the FLSA or showed reckless disregard for the matter of whether her conduct violated the FLSA.

43. Defendant did not act in good faith with respect to the conduct alleged herein.

44. As a result of Defendant's violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LABOR ARTICLES 6 AND 19**
**FAILURE TO PAY OVERTIME COMPENSATION**

45. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

46. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§2 and 651.

47. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

48. By the above-alleged conduct, Defendant failed to pay Plaintiff overtime compensation as required by the New York Labor Law.

49. By the above-alleged conduct, Defendant failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty hours per week for Defendant.

50. Plaintiff is not exempt from the overtime provisions of the New York Labor Law, because she has not met the requirements for any of the reduced number of exemptions available under New York law.

51. Defendant acted willfully and either knew that her conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether her conduct violated the New York Labor Law. Defendant did not act in good faith with respect to the conduct alleged herein.

52. As a result of Defendant's violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**AS AND FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LABOR ARTICLES 6 AND 19**
**<u>FAILURE TO PAY MINIMUM WAGES</u>**

53. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

54. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

55. Defendant willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652.

56. As a result of Defendant's unlawful practices, Plaintiff suffered a loss of wages.

57. As a result of Defendant's violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LABOR LAW § 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

58. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

59. Defendant willfully failed to furnish Plaintiff with wage notices during her employment, including the dates of her hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as her primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendant as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

60. Through her knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 et seq. and the supporting New York Labor Articles.

61. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**AS AND FOR A FIFTH CAUSE OF ACTION
VIOLATION OF THE NEW YORK LABOR LAW § 195(3)
FAILURE TO PROVIDE WAGE STATEMENTS**

62. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

63. Defendant willfully failed to provide Plaintiff written wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

64. Through her knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendant has willfully violated NYLL §§ 190 et seq. and the supporting New York Labor Articles.

65. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through her attorneys, NEIL H. GREENBERG & ASSOCIATES, P.C., demands judgment against Defendant and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendant committed one or more of the following acts:

1. Violated the provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

2. Willfully violated the applicable provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime compensation and minimum wages to Plaintiff;

4. Willfully violated the applicable provisions of the NYLL;

5. Violated the provisions of the NYLL by failing to provide Plaintiff wage notices and wage statements;

B. Award compensatory damages, including all compensation owed, in an amount according to proof;

C. Award interest on all NYLL compensation and other compensation due accruing from the date such amounts were due;

D. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and/or NYLL; and

E. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
June 16, 2017

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*

4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106
nhglaw@nhglaw.com

# FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Audrey Robles Diaz** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Audrey Robles Diaz** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Fecha/Date:: 04/27/17

_____
Marta Lidia Trujillo Diaz,